OPINION. Aetjndell, Judge'. The broad question presented is whether or not petitioner was required by section 143 (b) or section 144 of the various controlling revenue acts to withhold a tax on amounts representing proceeds from the operation of oil wells remitted by him or under his direction to Canada. Initially it should be observed that this case has been presented on the theory that neither of the syndicates here involved was engaged in trade or business in the United States, or had any office or place of business in this country. The arguments of the respondent are bottomed upon this premise and petitioner has not seen fit to dispute it; indeed, his own case proceeds upon such an assumption. Therefore, accepting the case as presented, we shall assume for the limited purposes of this decision that both syndicates were nonresident of the United States. The statute subjects to withholding of tax certain enumerated types of income and all other “fixed or determinable annual or periodical income” of a nonresident alien individual or of a nonresident foreign partnership or corporation. The immediate question is whether or not the amounts received from the pipe line companies in payment of the syndicates’ share, of the proceeds of the oil produced and sold were “fixed or determinable annual or periodical income.” The regulations have consistently provided as follows : Abt. 143-2. Fixed or determinable annual or periodical income.— ******* Income is fixed when it is to be paid in amounts definitely predetermined. Income is determinable whenever there is a basis of calculation by which the amount to be paid may be ascertained. The income need not be paid annually if it is paid periodically; that is to say, from time to time, whether or not at regular intervals. That the length of time during which the payments are to be made may be increased or diminished in accordance with some one’s will or with the happening of an event does not make the payments any the less determinable or periodical. * * * The income derived from the sale in the United States of property, whether real or personal, is not fixed or determinable annual or periodical income. Petitioner argues that the amounts in question are income derived from the sale of personal property, the oil, in the United States within the meaning of the last quoted sentence of the regulations set forth above. The argument is deceptive. “The production of oil and gas, like the mining of ore, is treated,as an income-producing operation, not as a conversion of capital investment as upon a sale, and is said to resemble a manufacturing business carried on by use of the soil.” Anderson v. Helvering, 310 U. S. 404. It follows that the proceeds received from the pipe line company constitute ordinary income. Income is said to be determinable whenever there exists a basis of calculation whereby the amounts to be paid may be ascertained. Art. 762, Regulations 77; art. 143-2, Regulations 86, Regulations 94, Regulations 101, and Regulations 103. In the case of both syndicates the amount of income due each was definitely ascertainable by the simple expedient of multiplying the number of barrels of oil sold each month by the prevailing price per barrel. It is clear that the income was periodical within the meaning oí the statute, inasmuch as monthly remittances were made by the pipe line companies during the entire period involved. We hold, therefore, that the income involved in each case constitutes fixed or determinable annual or periodical income within the meaning of section 143 (b) of the Internal Revenue Code and of prior acts. The next question is whether or not petitioner was properly a withholding agent in regard to the income. The statute in sweeping terms subjects to the obligation to withhold, all persons, in whatever capacity acting, having the control, receipt, custody, disposal, or payment of any fixed or determinable annual or periodical income of nonresident alien individuals or of nonresident foreign partnerships or corporations. Petitioner was, under the terms of the Guelph Texas Syndicate agreement, the manager of that syndicate. The Toronto Texas Syndicate agreement named Miss Watters manager of the syndicate until a new manager should be elected, but by his own admission petitioner managed that syndicate also. It was to petitioner that the checks from the pipe line companies were made payable and during the whole time here involved he either picked up the checks and sent them to Canada himself or had them sent under his direction to Miss Watters as attorney in fact for him for distribution to the various members of the syndicates. The record affords no very definite indication of petitioner’s residence during several of the years here involved. It is clear that he was resident at Tyler, Texas, for the years 1935 to 1938, inclusive. Prior to that time he was employed in Texas by a Canadian company and apparently spent considerable and perhaps all of his time there. The power of attorney executed in favor of M. I. Watters by petitioner in 1934 recited that he was of the County of Smith, State of Texas. During the early years he personally picked up the checks from the pipe line companies in Texas. No evidence relative to his residence in the years after 1938 is presented. In these circumstances, if it is material (see Lord, Forres, 25 B. T. A. 154), we would be forced to hold that petitioner has failed to show that he was other than a resident of the United States during all of the years here involved. For the foregoing reasons, we are of the opinion that petitioner was a “person * * * having the control, receipt, custody, disposal or payment of * ,* * fixed or determinable annual or periodical gains, profits, and income * * * of any nonresident alien individual, or of any partnership not engaged in trade or business within the United States and not having any office or place of business therein and composed in whole or in part of nonresident aliens * * * .” He was, therefore, required to deduct and withhold the tax specified in the various applicable revenue acts. We do not feel obliged to decide in this proceeding whether the syndicates were partnerships or associations within the meaning of the Federal revenue laws, a question strenuously argued by the parties. The Commissioner has determined that petitioner is liable as withholding agent for taxes in a specific amount on remittances to Canada for the benefit of the syndicates or the individual members thereof. It is necessary only to decide whether or not he was required to withhold these amounts. We are not faced with the problem of how these syndicates would be taxed if they were resident in this country, nor is the withholding agent required to decide at his peril what the nature of a nonresident foreign joint venture might be undár the laws of the United States. We hold only that petitioner was obliged under the provisions of section 143 (b) of the various controlling revenue acts to withhold the tax required to be withheld by that section on amounts remitted to nonresident alien individuals or foreign partnerships. On this point the Commissioner is sustained. The remaining question concerns the correctness of the determination of penalties for each of the years in question for failure to file the returns required. Under section 291 of the Revenue Acts of 1932 and 1934 and section 406 of the Revenue Act of 1935, the imposition of the penalty is mandatory if no return has been filed. Scranton-Lachawanna Trust Co., 29 B. T. A. 698; aff'd., 80 Fed. (2d) 519; certiorari denied, 297 U. S. 723; Kathryn Lammerding, 40 B. T. A. 589; aff'd., 121 Fed. (2d) 80. Under section 291 of the Revenue Act of 1936 and subsequent acts, the penalty is required unless the taxpayer shows that the failure to file was “due to reasonable cause and not due to willful neglect.” Estate of Frederick C. Kirchner, 46 B. T. A. 578. Reasonable cause for failure to file has not been shown in this' case. “Nothing more than belief that one is not required to file a return is not enough to discharge the penalty.” West Side Tennis Club, 39 B. T. A. 149; aff'd., 111 Fed. (2d) 6; certiorari denied, 311 U. S. 674. On this point the determination of the Commissioner must be sustained. Decisions will be entered for the respondent.